STATE v. HADDEN

[226 N.C. App. 330 (2013)]

━━━━━━━━━━

STATE OF NORTH CAROLINA
v.
JOEY HADDEN, Defendant

No. COA12-922

Filed 2 April 2013

1. **Appeal and Error—concession of error by State—not binding**

    Although the State conceded error by the trial court on a satellite-based monitoring issue, the Court of Appeals was not bound by that concession and reviewed the record to determine whether the trial court did, in fact, commit error.

2. **Satellite-Based Monitoring—process—qualification followed by risk assessment**

    The trial court acted under a misapprehension of the law in ruling that defendant should be subject to satellite-based monitoring (SBM), and that ruling was vacated, where the trial court expressly found that defendant did not fall within any of the statutorily enumerated categories of offenders requiring monitoring, but nonetheless ordered defendant to enroll in the SBM program due to its finding that his probation had been revoked and he had failed to complete his sex offender treatment.

Appeal by defendant from order entered 13 March 2012 by Judge H. William Constangy in Gaston County Superior Court. Heard in the Court of Appeals 29 January 2013.

*Roy Cooper, Attorney General, by Peter A. Regulski, Assistant Attorney General, for the State.*

*Ryan McKaig for defendant-appellant.*

DAVIS, Judge.

Defendant Joey Hadden ("defendant") appeals from an order requiring him to enroll in satellite-based monitoring ("SBM"). After careful review, we vacate the trial court's order and remand the matter for reconsideration.

## Factual Background

On 13 November 2006, defendant pled guilty to taking indecent liberties with a child. The trial court entered judgment on defendant's guilty plea and sentenced him to a presumptive range term of 13 to 16 months imprisonment. The court then suspended the sentence and placed defendant on supervised probation for a period of 60 months.

On 28 October 2008, defendant was brought back into court for a determination as to whether he should be required to enroll in SBM. The trial court, finding that defendant had committed an offense involving the physical, mental, or sexual abuse of a minor and that he required the highest possible level of supervision, ordered defendant to submit to monitoring for a period of five years. However, by consent order entered 5 March 2009, the trial court subsequently vacated the 28 October 2008 order and terminated defendant's monitoring pending a new SBM hearing.

On 7 October 2009, defendant's probation officer filed a report alleging that defendant had violated the terms of his probation by failing to complete court-ordered sex offender treatment and by possessing adult pornography and children's toys. After conducting a hearing on the alleged violations, the trial court revoked defendant's probation and activated his sentence.

Defendant's SBM hearing, which had been continued by virtue of the 5 March 2009 order, was reconvened on 29 February 2012. The trial court, after hearing the evidence and arguments of counsel, entered a form order ("First Order"), in which it found that defendant "does not fall into any of the categories requiring satellite-based monitoring under G.S. 14-208.40." Nevertheless, the trial court ordered defendant to "enroll in satellite-based monitoring under Article 27A of Chapter 14 of

the General Statutes for . . . 30 years." The First Order was signed and dated by the trial court on 29 February 2012 and was file stamped by the clerk of court on 13 March 2012.

The trial court also signed a second form order dated 29 February 2012 ("Second Order"), finding that (1) defendant had been convicted of an offense involving the physical, mental, or sexual abuse of a minor; (2) the offense was not an aggravated offense or a violation of N.C. Gen. Stat. § 14-27.2A or N.C. Gen. Stat. § 14-27.4A; (3) defendant was not a recidivist or predator; and (4) defendant, based on the Department of Correction's risk assessment, required the highest possible level of supervision and monitoring. Based on these findings, the court ordered defendant to enroll in SBM for a period of 30 years. The Second Order, while signed and dated by the trial court, bears no indication that it was ever filed with the clerk of court.

Defendant gave notice of appeal to this Court. The State subsequently filed a motion to dismiss defendant's appeal, arguing that this Court lacked jurisdiction to consider the appeal due to defects in the notice of appeal. In response, defendant filed a petition for writ of *certiorari*, requesting review of the trial court's First Order. We denied the State's motion by order entered 7 November 2012 and now deny defendant's petition as moot.

## Analysis

**[1]** Defendant's principal argument on appeal is that the trial court failed to make sufficient findings supporting a conclusion that he should be required to enroll in SBM. While we note that the State concedes error by the trial court on this issue, this Court is not bound by such a concession. Accordingly, we must review the record to determine whether the trial court did, in fact, commit error.

**[2]** On appeal from an SBM order, this Court " 'review[s] the trial court's findings of fact to determine whether they are supported by competent record evidence, and we review the trial court's conclusions of law for legal accuracy and to ensure that those conclusions reflect a correct application of law to the facts found.' " *State v. Kilby*, 198 N.C. App. 363, 367, 679 S.E.2d 430, 432 (2009) (quoting *State v. Garcia*, 358 N.C. 382, 391, 597 S.E.2d 724, 733 (2004), *cert. denied*, 543 U.S. 1156, 161 L.Ed.2d 122 (2005)).

As an initial matter, we note that the trial court's Second Order is not before this Court for consideration as that order was never entered and, as such, is a nullity. *See State v. Gary*, 132 N.C. App. 40, 42, 510 S.E.2d

387, 388 (" 'Entry' of an order occurs when it is reduced to writing, signed by the trial court, and filed with the clerk of court."), *cert. denied*, 350 N.C. 312, 535 S.E.2d 35 (1999); *West v. Marko*, 130 N.C. App. 751, 755, 504 S.E.2d 571, 573 (1998) ("A judgment is not enforceable between the parties until it is entered."). Accordingly, our analysis relates solely to the trial court's First Order.

Here, the trial court used a form order (AOC-CR-616, Rev. 12/09) provided by North Carolina's Administrative Office of the Courts, labeled "Judicial Findings and Order as to Satellite-Based Monitoring When There Has Been No Prior Determination." The "Findings" section of the form order contains a box that sets out two alternative findings: (a) that the defendant falls within at least one of the enumerated categories of offenders requiring SBM pursuant to N.C. Gen. Stat. § 14-208.40; or (b) that the defendant "does *not* fall into any of the categories requiring satellite-based monitoring under G.S. 14-208.40." (Emphasis added.)

The "Order" section of the form then directs the trial court — if it has found that the defendant does fall into one of the statutorily designated categories of offenders requiring monitoring – to check the box indicating that it is ordering the defendant to "enroll in satellite-based monitoring under Article 27A of Chapter 14 of the General Statutes" for either "the remainder of the defendant's natural life" or for a specified period of time. Conversely, if the trial court finds that the defendant does not fall within one of the categories requiring monitoring, the form directs the court to check the box ordering that "[t]he defendant is *not* required to enroll in satellite-based monitoring under Article 27A of Chapter 14 of the General Statutes." (Emphasis added.)

Here, the trial court, in the Findings section of the form order, determined that defendant "does not fall into any of the categories requiring satellite-based monitoring under G.S. 14-208.40." The court nonetheless ordered defendant to enroll in the SBM program for 30 years, presumably based on its finding, written in by hand on the order, that defendant's "probation was revoked and he has failed to complete his [sex offender] treatment."

The transcript from the 29 February 2012 SBM hearing suggests that the trial court believed that, in determining whether an offender qualifies for enrollment in the SBM program, it possessed the discretion to consider other factors in addition to those expressly set out in N.C. Gen. Stat. § 14-208.40, and, in turn, listed on the form order. Based on this interpretation of the SBM statutes, the court stated from the bench that defendant's probation revocation and failure to complete his sex

offender treatment constituted "other factors" sufficient to warrant an order requiring defendant to enroll in SBM:

> The Court will find that the defendant does not fall into any of the categories requiring satellite monitoring. However, the Court will find that the defendant's probation was revoked and that he has failed to complete his treatment. In the Court's discretion, the Court will order that the defendant shall be enrolled in satellite-based monitoring for 30 years.

We believe that the trial court misconstrued the statutory scheme established by our General Assembly regarding qualification for enrollment in the SBM program. The proceedings in this case are governed by N.C. Gen. Stat. § 14-208.40B due to the fact that an SBM determination was not made when defendant was initially sentenced. *Kilby*, 198 N.C. App. at 367, 679 S.E.2d at 432-33. As this Court has explained, SBM proceedings generally involve two phases: a "qualification" phase, followed by a "risk assessment" phase. *Id.* at 367-68, 679 S.E.2d at 433. This case concerns only the qualification stage.

In the qualification phase, where – as here – the defendant was convicted of a reportable offense as defined by N.C. Gen. Stat. § 14–208.6(4), then

> the district attorney shall present to the court any evidence that (i) the offender has been classified as a sexually violent predator pursuant to G.S. 14-208.20, (ii) the offender is a recidivist, (iii) the conviction offense was an aggravated offense, (iv) the conviction offense was a violation of G.S. 14-27.2A or G.S. 14-27.4A, or (v) the offense involved the physical, mental, or sexual abuse of a minor.

N.C. Gen. Stat. § 14–208.40A(a) (2011). *See* N.C. Gen. Stat. § 14-208.40B(c) (2011).

Upon receipt of the evidence from the State and any contrary evidence from the offender, the trial court is then required to determine "whether the offender's conviction places the offender" in one of the five categories and to

> make a finding of fact of that determination, specifying whether (i) the offender has been classified as a sexually violent predator pursuant to G.S. 14-208.20, (ii) the offender is a recidivist, (iii) the conviction offense was an

aggravated offense, (iv) the conviction offense was a violation of G.S. 14-27.2A or G.S. 14-27.4A, or (v) the offense involved the physical, mental, or sexual abuse of a minor.

N.C. Gen. Stat. § 14–208.40A(a). *See* N.C. Gen. Stat. § 14-208.40B(c).

These statutory provisions establish that, during the qualification phase: (1) the evidence must relate to whether the defendant falls within one of the five specified categories of offenders the program was designed to monitor; (2) the trial court must determine whether the defendant falls within one of these categories; and (3) the trial court, if it does so determine, is required to specify into which category the defendant falls. *State v. Causby*, 200 N.C. App. 113, 115, 683 S.E.2d 262, 263 (2009); *Kilby*, 198 N.C. App. at 368, 679 S.E.2d at 433.

It is clear from these statutes that the five categories of offenders referenced therein constitute the only types of offenders that the Generally Assembly has made eligible for enrollment in the SBM program. *See State v. Stokes*, __ N.C. App. __, __, 718 S.E.2d 174, 181 (2011) (explaining that "the determination as to whether SBM is required is to be based upon the relevant statutory language," rather than factors not explicitly provided for in the statute); *see also Evans v. Diaz*, 333 N.C. 774, 779–80, 430 S.E.2d 244, 247 (1993) ("Under the doctrine of *expressio unius est exclusio alterius*, when a statute lists the situations to which it applies, it implies the exclusion of situations not contained in the list."). Consequently, a trial court, in determining whether a defendant qualifies for SBM, may not consider grounds outside of those enumerated in the SBM statutes.

The trial court in this case expressly found that defendant did not fall within any of the statutorily enumerated categories of offenders requiring monitoring, but nonetheless ordered defendant to enroll in the SBM program due to its finding that his probation had been revoked and he had failed to complete his sex offender treatment. Where, as here, "[t]he trial court clearly heard the evidence and found the facts against [a party] under a misapprehension of the controlling law," the court's findings should be "set aside on the theory that the evidence should be considered in its true legal light." *African Methodist Episcopal Zion Church v. Union Chapel A.M.E. Zion Church*, 64 N.C. App. 391, 411-12, 308 S.E.2d 73, 85 (1983). Accordingly, we vacate the trial court's First Order and remand the matter to the trial court for reconsideration.[1]

---

1. Because we are remanding this matter, we need not address defendant's remaining contentions.

## Conclusion

For the reasons stated above, we vacate the trial court's 13 March 2012 order and remand the case for reconsideration.

VACATED AND REMANDED.

Judges HUNTER and McCULLOUGH concur.