An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-1310

Filed:  19 May 2015

Mecklenburg County, No. 12 CR 246557

STATE OF NORTH CAROLINA

v.

BRENT TYLER MILLER

Appeal by the State from order entered 2 June 2014 by Judge Linwood O. Foust in Mecklenburg County Superior Court.  Heard in the Court of Appeals 22 April 2015.

*Attorney General Roy Cooper, by Assistant Attorney General Derrick C. Mertz, for the State.*

*Tin, Fulton, Walker, & Owen, PLLC, by Noell P. Tin, for defendant.*

TYSON, Judge.

The State appeals from an order orally rendered in superior court affirming the district court's order dismissing Defendant's criminal charges.  We dismiss the appeal.

I.  Background

Defendant was charged with driving while impaired on 26 October 2012.  On 7 June 2013, Defendant appeared before the district court on his pretrial "motion to dismiss based upon an illegal stop."  The district court heard the charging officer's

testimony, and concluded the officer was without probable cause to stop Defendant's vehicle. The district court entered a written order on 12 July 2013, which included its findings of fact and conclusions of law, and allowed Defendant's motion to dismiss.

The State filed notice of appeal to superior court from the district court's order pursuant to N.C. Gen. Stat. § 20-38.7, and requested a *de novo* hearing in superior court. Defendant filed a motion to dismiss the State's appeal to superior court, and argued the State's notice of appeal was insufficient, because it did not include specific objections to the district court's findings of fact or order.

The matter was heard before the superior court on 12 November 2013. After "hearing arguments of counsel and [a] review of the court file and various documents presented by counsel," the superior court granted Defendant's motion to dismiss the State's appeal and denied the State's request for a *de novo* hearing. The court determined "the State could not articulate in the written Notice of Appeal which specific FINDINGS OF FACT or CONCLUSIONS OF LAW the State objected." The superior court reviewed the district court's findings of fact and conclusions of law, and affirmed the district court's order. The superior court remanded the case to the district court for entry of a final order.

On 16 January 2014, the district court entered a final order granting Defendant's pretrial motion and dismissed the charge. That same day, the State filed "notice of appeal" to superior court. The "notice of appeal" states the district court's

final order granting Defendant's motion to suppress and dismissing the charge was "contrary to law and [the State] appeals the final ruling to [s]uperior [c]ourt."

The matter came before the superior court on 2 June 2014. The prosecutor stated that "the State [was] not asking for a new hearing on the matter" and was "just asking the [c]ourt to affirm the district court's final order," because "that's the only way for the State to appeal to the Court of Appeals." The court orally affirmed the district court's judgment in open court. The State entered oral notice of appeal. The State filed written notice of appeal from the superior court's 2 June 2014 order, and filed a written certification that the appeal is not taken for the purpose of delay pursuant to N.C. Gen. Stat. § 15A-1432(e).

## II. Issues

On appeal, the State argues the superior court erred on 12 November 2013 by denying the State an evidentiary hearing *de novo* on its appeal from the district court's order granting Defendant's motion to suppress.

Defendant filed a motion to dismiss the State's appeal contemporaneously with his brief, and argues the State failed to give adequate notice of appeal to invoke the jurisdiction of this Court. Defendant contends the State's appeal should be dismissed because the State failed to designate the 12 November 2013 order in its notice of appeal, and the statute cited in the State's notice of appeal, N.C. Gen. Stat. § 15A-1445(a)(1), does not authorize the State to appeal.

### III. The State's Right to Appeal

The State's right to appeal in a criminal proceeding is entirely statutory. *State v. Murrell*, 54 N.C. App. 342, 343, 283 S.E.2d 173, 173 (1981), *disc. review denied*, 304 N.C. 731, 288 S.E.2d 804 (1982). Statutes granting the State a right of appeal must be strictly construed. *Id.*

As part of the Motor Vehicle Driver Protection Act of 2006, our legislature afforded the State a right to appeal from the district court's "preliminary indication" of whether a defendant's motion to suppress should be granted or denied in an implied consent case. N.C. Gen. Stat. § 20-38.6(f) (2013), N.C. Gen. Stat. § 20-38.7 (2013). After hearing the defendant's motion to suppress, "[t]he [district court] judge shall set forth in writing the findings of fact and conclusions of law and preliminarily indicate whether the motion should be granted or denied." N.C. Gen. Stat. § 20-38.6(f) (2013). "If the judge preliminarily indicates the motion should be granted, the judge shall not enter a final judgment on the motion until after the State has appealed to superior court or has indicated it does not intend to appeal." *Id.* The district court followed this procedure correctly in this case.

The State's appeal from the district court judge's "preliminary indication" is governed by N.C. Gen. Stat. § 20-38.7 (2013). The statute provides:

> (a) The State may appeal to superior court any district court preliminary determination granting a motion to suppress or dismiss. If there is a dispute about the findings of fact, the superior court shall not be bound by the findings of the district court but shall determine the matter de novo.

> Any further appeal shall be governed by Article 90 of
> Chapter 15A of the General Statutes.

N.C. Gen. Stat. § 20-38.7(a) (2013).

After the superior court considers the State's appeal from the district court's preliminary indication pursuant to N.C. Gen. Stat. § 20-38.7(a), the court must "enter an order remanding the matter to the district court with instructions to finally grant or deny the defendant's pretrial motion." *State v. Fowler*, 197 N.C. App. 1, 11, 676 S.E.2d 523, 535 (2009), *disc. review denied*, 364 N.C. 129, 696 S.E.2d 695 (2010).

The statute does not provide the State a statutory right to appeal to the Appellate Division from the superior court's interlocutory order remanding the case to the district court for entry of a final order. *Id.* at 7, 676 S.E.2d at 532. Furthermore, the State does not have a statutory right to appeal to the Appellate Division from the district court's final order granting a defendant's pretrial motion to suppress evidence. *Id.* at 29, 676 S.E.2d at 546.

Our Court has held "the State has a right of appeal to the superior court from a district court's final *dismissal* of criminal charges against a defendant pursuant to N.C.G.S. § 15A-1432(a)(1). *Id.* at 30, 676 S.E.2d at 546 (emphasis in original). The State also has a right of appeal to the Appellate Division from a superior court's order affirming a district court's dismissal pursuant to N.C.G.S. § 15A-1432(e)." *Id.*

The statute, entitled "Appeals by State from district court judge," provides:

> (a)  Unless the rule against double jeopardy prohibits further prosecution, the State may appeal from the district court judge to the superior court:
>
> (1)  When there has been a decision or judgment dismissing criminal charges as to one or more counts[.]
>
>  . . . .
>
> (e)   If the superior court finds that the order of the district court was correct, it must enter an order affirming the judgment of the district court. The State may appeal the order of the superior court to the appellate division upon certificate by the district attorney to the judge who affirmed the judgment that the appeal is not taken for the purpose of delay.

N.C. Gen. Stat. § 15A-1432(a) and (e) (2013).

Here, while the State's notice of appeal cites N.C. Gen. Stat. § 15A-1445(a)(1) as the statute authorizing the appeal, the State is purporting to appeal from the superior court's 2 June 2014 order affirming the district court's dismissal of the criminal charges pursuant to N.C. Gen. Stat § 15A-1432. *See State v. Bryan*, __ N.C. App. __, __ 749 S.E.2d 900, 903 (2013), *disc. review denied*, 367 N.C. 330, 755 S.E.2d 615 (2014) (N.C. Gen. Stat. § 15A-1445(a)(1) is "applicable to final orders issued by a superior court *acting in its original jurisdiction*." (Emphasis supplied)) .

On 2 June 2014, the superior court orally affirmed the judgment of the district court dismissing Defendant's charges.  However, the record on appeal in this case does not include a written copy of the order appealed from.  "'Entry' of an order occurs when it is reduced to writing, signed by the trial court, and filed with the clerk of

court." *State v. Gary*, 132 N.C. App. 40, 42, 510 S.E.2d 387, 388, *cert. denied*, 350 N.C. 312, 535 S.E.2d 35 (1999); *see also Southern Furn. Hdwe., Inc. v. Branch Banking & Tr. Co.*, 136 N.C. App. 695, 702, 526 S.E.2d 197, 201 (2000) ("When an oral order is not reduced to writing, it is non-existent . . . ." (citations omitted)).

## IV.  Conclusion

It is not appropriate for us to treat the State's purported notice of appeal as a petition to issue the writ of certiorari in this case.  *See* N.C. R. App. P. Rule 21(a) (1) (2015) (The writ may be "issued to permit review of the *judgments and orders* of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action, or when no right of appeal from an interlocutory order exists," or for review of an order of the trial court denying a motion for appropriate relief. (Emphasis supplied)).  In the absence of a written order, we are without jurisdiction to hear the State's appeal.  The appeal is dismissed.

DISMISSED.

Judges CALABRIA and STROUD concur.

Report per Rule 30(e).