IN THE SUPREME COURT OF NORTH CAROLINA

No. 199PA15

Filed 18 March 2016

STATE OF NORTH CAROLINA

v.

BRENT TYLER MILLER


On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous, unpublished decision of the Court of Appeals, ___ N.C. App. ___, 773 S.E.2d 574 (2015), dismissing the State's appeal from an oral order entered on 2 June 2014 by Judge Linwood O. Foust in Superior Court, Mecklenburg County. Heard in the Supreme Court on 15 February 2016.

*Roy Cooper, Attorney General, by Derrick C. Mertz, Special Deputy Attorney General, for the State-appellant.*

*Tin Fulton Walker & Owen, PLLC, by Noell P. Tin and Aisha J. Dennis, for defendant-appellee.*

ERVIN, Justice.

This case requires us to determine whether the Court of Appeals properly dismissed the State's appeal from a determination made by the trial court that the decision of the district court to allow defendant's pretrial suppression motion, which was predicated on the theory that a law enforcement officer had stopped defendant's vehicle in the absence of the required reasonable articulable suspicion, and to dismiss a driving while impaired charge and driving after consuming alcohol while less than

twenty-one years of age charge on the grounds that the order from which the State purported to appeal had not been properly entered. For the reasons set forth below, we conclude that the trial court did, in fact, properly enter an order affirming the district court's decision.

At approximately 1:40 a.m. on 26 October 2012, Officer J.F. Jackson of the Charlotte-Mecklenburg Police Department stopped the vehicle that defendant was driving because defendant had taken evasive action while approaching a driving while impaired checkpoint and cited defendant for driving while impaired and driving after consuming alcohol while less than twenty-one years of age. On 3 June 2013, defendant made an oral motion to suppress evidence obtained as a result of the stop and to dismiss the charges that had been lodged against him on the grounds that the stop of defendant's vehicle was not supported by the required reasonable articulable suspicion. After orally indicating that the motion would be allowed on 7 June 2013, Judge Kimberly Best-Staton filed written findings and conclusions in support of a preliminary indication that defendant's motions should be allowed on 12 July 2013.

On 18 July 2013, the State filed a written notice of appeal from Judge Best-Staton's preliminary indication to the Superior Court, Mecklenburg County, that included a request for a de novo hearing pursuant to N.C.G.S. § 20-38.7. On 25 October 2013, defendant filed a motion seeking the dismissal of the State's appeal on the grounds that the State had only "made a generalized objection" to Judge Best-Staton's findings of fact; that the State's notice of appeal constituted "a blanket 'catch

all' exception" that was "not made in good faith"; that "there [was] no way the State . . . [could] have an objection [to] every [f]inding[ ] of [f]act made by the District Court"; and that "the State's primary purpose" for noting an appeal was to argue that " 'the District Court's decision to grant . . . [d]efendant's [m]otion to [s]uppress was contrary to law.' "

The trial court heard defendant's dismissal motion at the 12 November 2013 session of the Superior Court, Mecklenburg County. On 15 November 2013, the trial court entered an order denying the State's request for a de novo hearing because "the State could not articulate in the written [n]otice of [a]ppeal [the] specific" findings of fact or conclusions of law to which the State was objecting; determining that Judge Best-Staton's preliminary indication "was not [an] abuse of discretion" and that her findings and conclusions "require[d] that [the superior court] affirm the decision of the District Court"; and "affirm[ing] the suppression of both [criminal] charges" and remanding this case "for entry of a suppression order by the District Court."

On 16 January 2014, Judge Best-Staton entered a "final order" allowing defendant's "pre-trial motion to suppress for lack of reasonable suspicion" and dismissing the charges that had been lodged against defendant. On the same date, the State noted an appeal from Judge Best-Staton's order to the Superior Court, Mecklenburg County, pursuant to N.C.G.S. § 20-38.7 and N.C.G.S. § 15A-1432, in which the State contended that Judge Best-Staton's final order "was contrary to the law" and that the State was "appeal[ing] the final ruling to Superior Court." The

State's appeal from Judge Best-Staton's final order came on for hearing before the court at the 2 June 2014 criminal session of the Superior Court, Mecklenburg County. At that time, the State informed the court that, while the State was expecting that the court would uphold Judge Best-Staton's order, it had noted an appeal from that order on the grounds that, in accordance with N.C.G.S. § 15A-1432(e), the State could not seek review by the Court of Appeals unless the superior court affirmed Judge Best-Staton's final order. At the conclusion of the hearing, the court orally affirmed Judge Best-Staton's order, at which point the State orally noted an appeal to the Court of Appeals from the superior court's order upon making the required assertion that the appeal was not being taken for the purpose of delay and filed a written notice of appeal and certification, "in accord with the provisions of N.C.[G.S.] § 15A-1432(e), that the instant appeal [was] not [being] taken for the purpose of delay."

In challenging the superior court's order before the Court of Appeals, the State argued that the superior court had erred by denying the State's request for a de novo hearing as requested in its notice of appeal from Judge Best-Staton's preliminary indication. In response, defendant argued that the State was not entitled to de novo review of Judge Best-Staton's preliminary indication given its failure to comply with the requirements of N.C.G.S. § 15A-1432(b) as construed in *State v. Palmer*, 197 N.C. App. 201, 676 S.E.2d 559 (2009), *disc. rev. denied*, 363 N.C. 810, 692 S.E.2d 394 (2010), and that the State had waived its right to appellate review by requesting the trial court to affirm Judge Best-Staton's final order, assertions with which the State

disagreed in its reply brief. In addition, defendant filed a motion seeking the dismissal of the State's appeal on the grounds that the State's written notice of appeal (1) failed to designate the trial court's order upholding Judge Best-Staton's preliminary indication as an order which the State sought to challenge on appeal, and (2) cited an incorrect statute as support for the contention that the State had a right to seek appellate review of the challenged decisions. In response, the State noted that the sufficiency of the State's notice is governed by Rule 4 of the North Carolina Rules of Appellate Procedure; that any error in the statutory reference contained in the State's written notice of appeal did not matter given the absence of any specification requirement in the rule provisions governing oral notices of appeal and given that the discussion on the record before the trial court made the identity of the orders that the State sought to challenge on appeal clear; that nothing in Rule 4(b) requires the State to correctly recite the statute which authorizes the State's appeal; and that defendant could not reasonably claim that he was confused or prejudiced by the State's written notice of appeal given that the State had clearly indicated the identity of the orders that it sought to challenge on appeal during the hearing held before the trial court immediately prior to the noting of its appeal. In addition, the State argued that its oral notice of appeal sufficed to support a challenge to the trial court's decision to refuse to review the State's appeal from Judge Best-Staton's preliminary indication on a de novo basis; that the State had "repeatedly" stated its intention to challenge the trial court's refusal to conduct a de novo review of its

challenge to Judge Best-Staton's preliminary indication pursuant to the only available statutory provision, which required the State to wait and appeal from the trial court's 2 June 2014 "final order alone"; that the State's notice of appeal should be construed as a request for review of each of the orders that had been entered in this case given that the State had repeatedly objected to the denial of its request for de novo review of Judge Best-Staton's preliminary indication; and that, even if the State was required to make a reference to the order refusing to review the State's challenge to Judge Best-Staton's preliminary indication on a de novo basis in its written notice of appeal, the State had made its intention to challenge that decision on appeal clear to the trial court and to defendant.  Finally, in the event that the Court of Appeals deemed the State's notices of appeal to be insufficient to support review of the trial court's refusal to review Judge Best-Staton's preliminary indication on a de novo basis, the State requested the Court of Appeals to issue a writ of certiorari authorizing review of that decision on the grounds that any deficiencies in the notices of appeal "were inadvertent"; that defendant had always fully understood the nature of the issues that the State sought to present for the Court of Appeals' consideration; and that the State's legal arguments had substantive merit and were ripe for appellate review.

On 19 May 2015, the Court of Appeals filed a unanimous, unpublished opinion dismissing the State's appeal and determining that it would "not [be] appropriate" for the court "to treat the State's purported notice of appeal as a petition to issue the writ

of certiorari." *State v. Miller*, No. COA14-1310, slip op. at 7 (N.C. App. May 19, 2015) (unpublished) [*Miller I*]. The Court of Appeals did not base this decision on any arguments advanced in defendant's dismissal motion. Instead, the Court of Appeals noted that the record on appeal did not "include a written copy of the [2 June 2014] order appealed from" and held that, "[i]n the absence of a written order," the court lacked "jurisdiction to hear the State's appeal," *Miller I*, slip op. at 6-7, given that " '[e]ntry' of an order occurs when it is reduced to writing, signed by the trial court, and filed with the clerk of court," *id.* at 6-7 (quoting *State v. Gary*, 132 N.C. App. 40, 42, 510 S.E.2d 387, 388 (citations omitted), *cert. denied*, 350 N.C. 312, 535 S.E.2d 35 (1999), and citing *S. Furn. Hdwe., Inc. v. Branch Banking & Tr. Co.*, 136 N.C. App. 695, 702, 526 S.E.2d 197, 201 (2000) (stating that, "[w]hen an oral order is not reduced to writing, it is non-existent" (citing *Gary*, 132 N.C. App. at 42, 510 S.E.2d at 388))).

On 21 May 2015, the State filed a motion requesting the Court of Appeals to "withdraw and amend [its] opinion." In support of this request, the State asserted that "defendant neither raised nor argued th[e] basis for dismissal" adopted by the Court of Appeals, so that the State had been deprived of the "opportunity to defend against" that argument, and that the logic underlying the Court of Appeals' decision was inconsistent with numerous decisions from this Court, including *State v. Oates*, 366 N.C. 264, 732 S.E.2d 571 (2012), *State v. Trent*, 359 N.C. 583, 614 S.E.2d 498 (2005), and *State v. Boone*, 310 N.C. 284, 311 S.E.2d 552 (1984), *abrogated by Oates*, 366 N.C. at 267, 732 S.E.2d at 573-74. In response, defendant asserted that the Court

of Appeals had made a correct decision in that the "plain language" of N.C.G.S. § 15A-1432(e) allows the State to seek appellate review only after an order "has been entered by the superior court"; that the Court of Appeals had repeatedly stated that an order had not been entered until it had been reduced to writing, signed by the trial court, and filed with the Clerk of Superior Court; that the opinion in *Oates* "confirmed, rather than undermined," the existence of this requirement; and that the Court of Appeals' decision does not conflict with *Oates* or any other decision of this Court. On 8 June 2015, the Court of Appeals entered an order denying the State's motion.

On 24 September 2015, this Court allowed the State's petition for discretionary review. In their new briefs before this Court, the parties debate the issue of whether the Court of Appeals had erred by dismissing the State's appeal on the grounds that the order from which the State had noted its appeal had not been entered by virtue of the fact that it had not been reduced to writing and filed with the Clerk. Approximately two weeks before the date upon which oral argument was scheduled to be held in this case, the Court learned that the version of the Court of Appeals' opinion on the basis of which the State had sought discretionary review, which was identical to the version contained in the LexisNexis and Westlaw on-line reporting services, differed from the version of the Court of Appeals' decision contained in the North Carolina appellate courts on-line database. On 4 February 2016, a representative of the authoring judge sent an e-mail to the attorneys for the parties, representatives from LexisNexis and Westlaw, and representatives of the offices of

the Clerk of the Court of Appeals and this Court noting the fact that differing versions of the Court of Appeals' opinion in this case had been disseminated and stating that:

> After this Court's opinion was filed on 19 May 2015, the State filed a Motion to Withdraw and Amend the Opinion prior to the Issuance of the Mandate. This Court denied the Motion to Withdraw the Opinion but corrected the opinion to remove the references to State v. Gary and Southern Furn. Hdwe, Inc. v. Branch Banking & Trust on p.7. The correct opinion refers to State v. Oates and State v. Hadden on p. 7. The corrected opinion . . . was uploaded prior to the issuance of the mandate. At the time of the correction, we were advised that re-uploading . . . would [be] all we would need to do.

As we understand the record, neither party knew of the existence of the "corrected" version of the Court of Appeals' decision prior to receiving this communication. On the same date, defendant filed a motion seeking to have the record on appeal supplemented with a correct copy of the Court of Appeals' decision and suggesting that discretionary review had been improvidently allowed on the theory that the State's central argument had been that the Court of Appeals had erred by relying on *Gary* and *Southern Furniture* and that the references to these two decisions had been removed from the Court of Appeals' opinion. In response, the State argued that "[t]he opinion's substance — its holding and result — is the exact same" and "remains erroneous for the very same reasons"; that the corrected opinion conflicts with numerous decisions of this Court, including *Oates*, and involves significant legal principles; and that any reliance upon *State v. Hadden* would be misplaced because *Hadden* was, in reality, a civil rather than a criminal case and because *Hadden* relied

on *Gary*, 132 N.C. App. at 42, 510 S.E.2d at 388 for the premise that an order not reduced to writing "is a nullity," *Hadden*, 226 N.C. App. 330, 332-33, 741 S.E.2d 466, 468 (2013). In addition, the State pointed out that the Court had the correct version of the Court of Appeals' opinion at the time that it granted discretionary review in this case. On 5 February 2016, this Court entered an order dismissing defendant's motion to supplement the record as moot and taking no action on defendant's request that this Court dismiss the State's discretionary review petition as improvidently allowed.

The differences between the two opinions that the Court of Appeals filed in this case go beyond changes in the identity of the cases upon which the Court of Appeals relied in determining that the State's appeal should be dismissed. Instead, the corrected opinion significantly changes the basis for the Court of Appeals' decision to dismiss the State's appeal. *Compare Miller I*, slip op. at 6-7, *with State v. Miller*, No. COA14-1310, slip op. at 7-8 (N.C. App. May 19, 2015, mandate issued June 8, 2015) (unpublished) [*Miller II*]. Instead of noting that the record on appeal "[did] not include a written copy of the order appealed from" and holding that "the absence of a written order" necessitates a conclusion that the State's appeal should be dismissed on the theory that " '[e]ntry' of an order occurs when it is reduced to writing, signed by the trial court, and filed with the clerk of court," *Miller I*, slip op. at 6-7 (quoting *Gary*, 132 N.C. App. at 42, 510 S.E.2d at 388), and citing *S. Furn. Hdwe.*, 136 N.C. App. at 702, 526 S.E.2d at 201), the corrected opinion states that, because "the record

on appeal . . . does not indicate the superior court's 2 June 2014 was entered," the

State's appeal should be dismissed for lack of an "entered" order given this Court's

statement in *Oates* that, "[f]or the purposes of entering notice of appeal in a criminal

case under [Appellate] Rule 4(a)":

> [A] judgment or an order is rendered when the judge
> decides the issue before him or her and advises the
> necessary individuals of the decision; a judgment or an
> order is entered under [Rule 4(a)] <u>when the clerk of court
> records or files the judge's decision regarding the judgment
> or order</u>.

*Oates*, 366 N.C. at 266, 732 S.E.2d at 573 (quoted in *Miller II*, slip op. at 7 (underlining

added by Court of Appeals)). In addition, after citing *Hadden*, the corrected opinion

states:

> N.C.[G.S.] § 15A-1432, the statute that provides the
> State with a right to appeal from the superior court's order
> affirming the district court's final order, specifically
> requires the superior court to "enter an order affirming the
> judgment of the district court" if the superior court
> determines the order of the district court was correct.

*Miller II*, slip op. at 7 (quoting N.C.G.S. § 15A-1432(e) (2013)). As a result, rather

than relying on the absence of a written order, the Court of Appeals held in *Miller II*

that it lacked the authority to consider the State's appeal given the absence of any

indication that the order from which the State sought to appeal had been entered in

accordance with the process spelled out in *Oates*.

Although Rule 16 of the North Carolina Rules of Appellate Procedure limits

discretionary review by this Court to the "issues stated in . . . the petition for

discretionary review and the response thereto," N.C. R. App. P. 16(a), and although the exact issue specified in the State's discretionary review petition was whether the Court of Appeals had "err[ed] in determining that no order was entered because it was not reduced to writing," we do not believe that the fact that, unbeknownst to the State, the Court of Appeals changed the basis upon which it decided to dismiss the State's appeal necessitates dismissal of the State's petition as improvidently allowed. When read more broadly, the issue posed in the State's petition asked us to determine whether the Court of Appeals had erred by concluding that no order from which an appeal could properly be taken had ever been entered. As a result, we conclude that we have the authority under Rule 16 to consider the issue raised by the corrected Court of Appeals' decision and will proceed to do so.

Our decision in *Oates* addressed the issue of whether the State had noted an appeal from a trial court order in a timely manner as required by Rule 4(a). As we stated in *Oates*,

> Rule 4 authorizes two modes of appeal for criminal cases. The Rule permits oral notice of appeal, but only if given at the time of trial or . . . the pretrial hearing. Otherwise, notice of appeal must be in writing and filed with the clerk of court. Such written notice may be filed at any time between the date of the rendition of the judgment or order and the fourteenth day after entry of the judgment or order.

366 N.C. at 268, 732 S.E.2d at 574 (citing N.C. R. App. P. 4(a)(1), (a)(2)). On the one hand, "*[r]endering* a judgment or an order 'means to "pronounce, state, declare, or

announce" [the] judgment' or order, and 'is the judicial act of the court in pronouncing the sentence of the law upon the facts in controversy.' " *Id.* at 266, 732 S.E.2d at 573 (second alteration in original) (citations omitted). "*Entering* a judgment or an order," on the other hand, "is 'a ministerial act which consists in spreading it upon the record.' " *Id.* at 266, 732 S.E.2d at 573 (citations omitted). "For the purposes of entering notice of appeal in a criminal case under Rule 4(a), a judgment or an order . . . is entered . . . when the clerk of court records or files the judge's decision regarding the judgment or order." *Id.* at 266, 732 S.E.2d at 573. In reaching this conclusion, this Court noted, among other things, that the Court of Appeals' statement in *Oates* predicated on *Gary*, 132 N.C. App. at 42, 510 S.E.2d at 388, that " '[e]ntry of an order [in the criminal context] occurs when it is reduced to writing' is incorrect." *Oates*, 366 N.C. at 267, 732 S.E.2d at 574 (alterations in original) (citation omitted). As a result, the basis for the Court of Appeals' initial decision in this case in *Miller I*, which was that an order from which an appeal could be taken had not been entered unless it had been reduced to writing and filed with the Clerk, rested upon a misapprehension of the applicable law.

The Court of Appeals' reliance upon *Hadden* for the proposition that "the superior court's order requiring [the] defendant to enroll in satellite-based monitoring was never 'entered' and was a nullity where it bore no indication it was filed with the clerk" as a basis for dismissing the State's appeal in its corrected opinion, *Miller II*, slip op. at 7 (citing *Hadden*, 226 N.C. App. at 332-33, 741 S.E.2d at 468), is misplaced

as well. As an initial matter, it is well established that *Hadden*, which stemmed from a satellite-based monitoring proceeding, involved the application of the rules governing appeals in civil, rather than criminal, cases. *See, e.g., State v. Clark*, 211 N.C. App. 60, 70-71, 714 S.E.2d 754, 761-62 (2011), *disc. rev. denied*, ___ N.C. ___, 722 S.E.2d 595 (2012). Secondly, as the State noted in response to defendant's motion to supplement the record and dismiss the State's petition as improvidently allowed, *Hadden* cited to and relied upon *Gary*, which this Court rejected in *Oates,* for the proposition that " '[e]ntry' of an order occurs when it is reduced to writing, signed by the trial court, and filed with the clerk of court.' " *Hadden*, 226 N.C. App. at 332-33, 741 S.E.2d at 468. As a result, *Hadden* simply has no bearing on the proper resolution of this case.

Here the parties agree that N.C.G.S. § 15A-1432(e) is the statutory provision that authorizes the State's appeal from the trial court's 2 June 2014 order and that this statute requires an order to be entered in order for the Court of Appeals to acquire jurisdiction over the State's appeal. N.C.G.S. § 15A-1432(e) (2015) ("If the superior court finds that the order of the district court was correct, it must enter an order affirming the judgment of the district court. The State may appeal the order of the superior court to the appellate division upon certificate by the district attorney to the judge who affirmed the judgment that the appeal is not taken for the purpose of delay."). The ultimate problem with the logic adopted by the Court of Appeals in *Miller II* is that it conflicts with this Court's statement in *Oates* that "a judgment or

an order is entered under [Rule 4(a)] when the clerk of court records or files the judge's decision regarding the judgment or order." 366 N.C. at 266, 732 S.E.2d at 573. As we have already noted, *Oates* held, among other things, that a trial court has entered a judgment or order in a criminal case in the event that it announces its ruling in open court and the courtroom clerk makes a notation of its ruling in the minutes being kept for that session. The Court of Appeals appears to have simply overlooked the possibility that the trial court's 2 June 2014 order from which the State noted its appeal in this case had been entered in this fashion, perhaps because the record presented for its review did not reflect that such a procedure had been followed in this case. However, this Court has determined, during its consideration of this case, that, after the trial court announced its decision to affirm Judge Best-Staton's order, the courtroom clerk noted that "Court affirms appeal. State appeals court ruling" in the minutes relating to the relevant session of the Superior Court, Mecklenburg County.[1] As a result, contrary to the result reached by the Court of Appeals in *Miller II*, the order from which the State noted its appeal was, in fact, entered in accordance with our decision in *Oates*. Thus, the Court of Appeals erred by dismissing the State's appeal from the trial court's order on the theory that the order in question had never been properly entered. As a result, the Court of Appeals'

---

[1] As authorized by Rule 15(f)(1) of the North Carolina Rules of Appellate Procedure, the Court has entered a separate order amending the record on appeal in this case to include the relevant minutes entry.

decision in *Miller II* is vacated and this case is remanded to the Court of Appeals for consideration of the remaining issues in this case, including whether the State's appeal is subject to dismissal on any other basis not addressed in this opinion.

VACATED AND REMANDED.