VAN SMITH BUILDING MATERIAL COMPANY v. JOHN R. PENDER,
TRADING AS TARBORO HARDWARE COMPANY.

(Filed 28 February, 1917.)

**1. Justices' Courts—Pleadings—Verified Statements—Oral Pleadings.**

The requirements of Revisal, sec. 488, that pleadings filed subsequent
to a verified pleading, excepting demurrer, shall likewise be verified,
applies only to courts of record, and has no application to pleadings in a
justice's court, which is not a court of record, and as to which the
statute, Revisal, sec. 488, provides that they may be "written or oral."

**2. Same—Appeal—Superior Court—Trials—Evidence—Questions for Jury.**

A paper-writing introduced before a justice of the peace, purporting
upon its face only to be a verified account upon which judgment is
sought, lacking the requisites of a complaint, under the provisions of
Revisal, 467, in failing to state the title of the cause, the name of the
county and parties, will not be considered as a verified complaint on
the trial in the Superior Court, requiring the answer there to be verified;
and upon an oral answer denying the liability and raising the issue, the
question is for the determination of the jury under proper evidence.

CIVIL ACTION, tried before *Allen, J.,* at October Term, 1916, of
EDGECOMBE.

This is an action, commenced before a justice of the peace, to recover
$165.

The plaintiff filed the following paper before the justice of the
peace:

COMPLAINT.

VAN SMITH BUILDING MATERIAL COMPANY.

DEALERS IN

*Lime, Cement, Plaster, and All Building Material.*

CHARLESTON, S. C., February 4, 1915.

Car No. 31516 Atlantic Coast Line.

Sold to Tarboro Hardware Company, Tarboro, N. C.

150 bbls. (600 sks.) Dexter Cement. Price, $1.10. $165.

STATE OF SOUTH CAROLINA,
COUNTY OF CHARLESTON.

Personally appeared before me, Van Smith, who, being duly sworn,
says that of his own knowledge the foregoing account is just and cor-
rect, and that no part thereof has been paid, and said Tarboro Hard-
ware Company is now justly due Van Smith Building Material Com-
pany the sum of $165, with interest from sixty days from date of
invoice, which is 5 April, 1915, date of invoice being 4 February,
1915.                                                  D. VAN SMITH.

Subscribed and sworn to before me this 14th day of June, 1916. Given under my hand and notarial seal.

E. P. CAMPBELL,

[Notary Seal]                                                    *Notary Public for S. C.*

My commission expires.............................

And the defendant in person, in open court, orally denied liability.

The action was tried before the justice, and the statement of the pleadings in the return is as follows:

"Plaintiff complained as per verified account filed. Defendant denies liability."

The justice rendered judgment in favor of the plaintiff for $120.50 and costs, from which the defendant appealed.

In the Superior Court the plaintiff moved the court to require the defendant to file an answer to the verified complaint of plaintiff, setting up any defense he may have to such action. Motion refused. Plaintiff excepted.

The plaintiff then tendered judgment in his favor for $165, with interest from 5 April, 1915, and for costs, which his Honor refused to sign, and he excepted and appealed.

*James M. Norfleet for plaintiff.*
*No counsel for defendant.*

ALLEN, J. The motions of the plaintiff are predicated upon the idea that a verified complaint has been filed and that the defendant must, therefore, file a verified answer.

The statute (Rev., sec. 488), which provides that when "Any pleading is verified every subsequent pleading except a demurrer must be verified," applies by its terms only to courts of record, and a court of a justice of the peace is not only not a court of record (*Reeves v. Davis,* 80 N. C., 209; *Williams v. Bowling,* 111 N. C., 296), but it is explessly provided that the pleadings in that court may be "written or oral." Revised, sec. 1488.

If, however, it be conceded, as the plaintiff contends, that the statute (Rev., sec. 488) applies and that a verified answer must be filed in all cases when the complaint is verified, he cannot take advantage of the position, because he has not filed a verified complaint.

The paper called a complaint does not state the title of the cause, the name of the court, the name of the county, or the names of the parties, as required in complaints by section 467 of the Revisal, and is properly designated by the justice in his return as a "verified account," which may be used as evidence under Revisal, sec. 1625. Nor is it verified as a complaint. Pell's Revisal, sec. 489, and cases cited.

It follows that the oral plea of the defendant denying liability

raised an issue which could only be determined by a jury, and that the plaintiff was not entitled to have an additional pleading filed, nor to judgment.

Affirmed.