STATE OF NORTH CAROLINA v. LARRY GARY, JR.

No. COA98-471

(Filed 5 January 1999)

**Appeal and Error— motion in limine denied—no objection at trial—*Hayes* exception inapplicable**

Defendant did not preserve for appellate review in a cocaine prosecution alleged error in admitting cocaine found on his person where his pretrial motion to suppress was denied orally, no written denial appears in the record, and the evidence was admitted at trial without objection. The narrow exception in *State v. Hayes*, 130 N.C. App. 154, to the rule that a motion in limine is insufficient to preserve for appeal the question of admissibility if there is no objection at trial was not applicable because the record does not contain a written order denying defendant's motion and therefore such an order was not entered by the trial court.

Appeal by defendant from judgment filed 30 October 1997 by Judge L. Todd Burke in Guilford County Superior Court. Heard in the Court of Appeals 16 December 1998.

*Attorney General Michael F. Easley, by Associate Attorney General Joyce S. Rutledge, for the State.*

*Public Defender Wallace C. Harrelson, by Assistant Public Defender Ames C. Chamberlin, for defendant appellant.*

GREENE, Judge.

Larry Gary, Jr. (Defendant) appeals from the judgment on his conviction for possession of cocaine and for being a habitual felon.

Defendant made a pretrial motion to suppress the evidence against him. Based on the trial court's findings, which appear in the transcript of the pretrial hearing, the court concluded that the police officers had reasonable suspicion to stop the vehicle in which Defendant was a passenger. Accordingly, the trial court orally denied Defendant's motion to suppress the evidence (*i.e.*, a small amount of cocaine) found on Defendant's person. No written order denying Defendant's motion to suppress appears in the record.

At trial, evidence of the cocaine found on Defendant's person was admitted, without objection, through several witnesses. A jury subsequently found Defendant guilty of possession of cocaine and of being a habitual felon.

---

The dispositive issue on appeal is whether Defendant has preserved the alleged error for appellate review.

A motion *in limine* is generally "insufficient to preserve for appeal the question of the admissibility of evidence if the [movant] fails to further object to that evidence at the time it is offered at trial." *Martin v. Benson*, 348 N.C. 684, 685, 500 S.E.2d 664, 665 (1998) (*per curiam*); *State v. Hill*, 347 N.C. 275, 293, 493 S.E.2d 264, 274 (1997) (noting that rulings on motions *in limine* are "merely preliminary and subject to change during the course of trial"), *cert. denied,* —— U.S. ——, 140 L. Ed. 2d 1099 (1998). We recently enunciated a narrow exception to this rule in *State v. Hayes*, 130 N.C. App. 154, 171, 502 S.E.2d 853, 865, *disc. review allowed*, 349 N.C. 235, —— S.E.2d —— (1998). Pursuant to *Hayes*, "an objection to the denial of the motion *in limine*" without further objection at trial, is sufficient to preserve the evidentiary issues that were the subject of the motion *in limine* for appellate review *if*:

> (1) there has been a full evidentiary hearing where the substance of the objection(s) raised by the motion *in limine* has been thoroughly explored; (2) the order denying the motion is explicit and definitive; (3) the evidence actually offered at trial is substantially consistent with the evidence explored at the hearing on the motion; and (4) there is no suggestion that the trial court would reconsider the matter at trial . . . .

*Id.* Where the trial court has not "entered" a "definitive and explicit pre-trial order excluding the evidence," however, the *Hayes* exception is inapplicable and the defendant's failure to object to the admission of the evidence at trial precludes appellate review. *Id.* at 172, 502

S.E.2d at 866. "Entry" of an order occurs when it is reduced to writing, signed by the trial court, and filed with the clerk of court. *West v. Marko*, 130 N.C. App. 751, 755, —— S.E.2d ——, —— (1998) (holding that the oral rendition of an order in open court does not constitute entry of that order); *cf.* N.C.G.S. § 1A-1, Rule 58 (Supp. 1997) (providing that entry of judgment occurs "when it is reduced to writing, signed by the judge, and filed with the clerk of court").

The record in this case does not contain a written order denying Defendant's motion to suppress the evidence against him; therefore such an order was not entered by the trial court. *See State v. Williams*, 280 N.C. 132, 137, 184 S.E.2d 875, 878 (1971) (noting that the appellate courts are "bound by the record as certified and can judicially know only what appears of record"). It follows that the narrow *Hayes* exception is inapplicable. Accordingly, as Defendant failed to object at trial to the admission of this evidence, he has failed to preserve this issue for our review.

Dismissed.

Judges TIMMONS-GOODSON and HUNTER concur.