STATE OF NORTH CAROLINA v. ANDREW JACKSON OATES

No. COA10-725

(Filed 6 September 2011)

**Appeal and Error—dismissal of appeal—failure to give proper notice**

The State's appeal from the trial court's order allowing defendant's motion to suppress was dismissed based on failure to give proper notice of appeal. Further, the State made no request for its brief to be treated as a petition for writ of *certiorari*.

Appeal by the State from order entered 22 March 2010 by Judge Russell J. Lanier, Jr. in Superior Court, Sampson County. Heard in the Court of Appeals 30 November 2010.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Joan M. Cunningham, for the State.*

*Anne Bleyman, for defendant-appellee.*

STROUD, Judge.

This matter is before the Court on the State's appeal from a trial court's order allowing Andrew Jackson Oates's ("defendant") motion to suppress. As the State failed to give proper notice of appeal, we dismiss the State's appeal.

STATE v. OATES

[215 N.C. App. 491 (2011)]

## I. Background

On 7 September 2007, a search warrant of defendant's residence was executed at 451 McKoy Street, Clinton, North Carolina. As a result of that search, defendant was found to be in possession of a firearm and, on 25 February 2008, he was indicted for one count of possession of a firearm by a convicted felon. On or about 19 November 2009, defendant filed a motion to suppress evidence seized by police as a result of the 7 September 2007 search of defendant's residence. Defendant's motion to suppress came on for hearing at the 14 December 2009 Criminal Session of Superior Court, Sampson County. In open court, the trial court granted defendant's motion to suppress. The State filed written notice of appeal from the trial court's order on 22 December 2009. On 22 March 2010, the trial court entered a written order granting defendant's motion to suppress.

## II. Notice of Appeal

Although it is not raised by either party, the record before us presents an issue as to whether the State gave proper notice of appeal. N.C. Gen. Stat. § 15A-1445(b) (2009) states that "[t]he State may appeal an order by the superior court granting a motion to suppress as provided in G.S. 15A-979."[1] North Carolina Rule of Appellate Procedure 4(a), in pertinent part, states that

> [a]ny party entitled by law to appeal from a judgment or order of a superior or district court rendered in a criminal action may take appeal by
>
> (1) giving oral notice of appeal at trial, or
>
> (2) filing notice of appeal with the clerk of superior court . . . within fourteen days *after entry of the judgment or order*[.]

(emphasis added). N.C. Gen. Stat. § 15A-101(4a) (2009) states that "Entry of Judgment" is defined as "when sentence is pronounced," but in this case, there was no "sentence" pronounced. Thus, N.C. Gen. Stat. § 15A-101(4a) does not establish when "entry of judgment" occurs where a trial court grants a defendant's motion to suppress. Our Supreme Court has determined that N.C. Gen. Stat. § 15A-101(4a) is "sufficiently analogous" to N.C. Gen. Stat. § 1A-1, Rule 58 "to pro-

---

1. N.C. Gen. Stat. § 15A-979(c) (2009) requires the State to submit a "certificate" to the trial judge who granted the motion to suppress stating "that the appeal is not taken for the purpose of delay and that the evidence is essential to the case[,]" and further states that "appeal is to the appellate court that would have jurisdiction if the defendant were found guilty of the charge and received the maximum penalty."

vide guidance" in "constru[ing] G.S. § 15A-101(4a)." *State v. Boone*, 310 N.C. 284, 290, 311 S.E.2d 552, 556 (1984). Accordingly, in the criminal context, we have stated that

> "[e]ntry" of an order occurs when it is reduced to writing, signed by the trial court, and filed with the clerk of court. *West v. Marko*, 130 N.C. App. 751, 756, 504 S.E.2d 571, 574 (1998) (holding that the oral rendition of an order in open court does not constitute entry of that order); *cf.* N.C.G.S. § 1A-1, Rule 58 (Supp. 1997) (providing that entry of judgment occurs "when it is reduced to writing, signed by the judge, and filed with the clerk of court").

*State v. Gary*, 132 N.C. App. 40, 42, 510 S.E.2d 387, 388, *cert. denied*, 350 N.C. 312, 535 S.E.2d 35 (1999). Therefore, N.C.R. App. P. 4(a) provides only two options for giving notice of appeal in a criminal case: (1) by giving "oral notice of appeal at trial" or (2) by filing written notice of appeal "within fourteen days after entry of the judgment or order" which is when the court's order "is reduced to writing, signed by the trial court, and filed with the clerk of court." If a party fails to give oral notice of appeal at trial, they must wait until the trial court's order or judgment is entered, as defined by *Gary*, and "within fourteen days" after entry, file written notice of appeal. *See id.*[2]

At defendant's hearing on his 14 December 2009 motion to suppress, the trial court made its ruling and had the following exchange with the State and defense counsel at the close of the hearing:

> The Court: I'm uncomfortable with it. I would have never signed it, not under the circumstances. I'd have had to have more.
>
> I'm going to enter the order suppressing. You can enter you [sic] notice of appeal. And you and [defense counsel] can have fun in Raleigh.

---

2. We note that in the context of N.C.R. App. P. 3(a), "[a]ppeal in civil cases[,]" this Court in *Abels v. Renfro Corp.*, 126 N.C. App. 800, 804, 486 S.E.2d 735, 738, *disc. rev. denied*, 347 N.C. 263, 493 S.E.2d 450 (1997) stated that oral ruling or "rendering of an order commences the time when notice of appeal *may* be taken by filing and serving written notice" and, therefore, "appeal of a rendered order or judgment may be timely filed, [but] jurisdiction will not vest with this Court if judgment in substantial compliance with the judgment rendered is not subsequently entered." We believe it is inappropriate to apply this procedure in a criminal matter, as it has not previously been applied in a criminal setting, and N.C.R. App. P. 4(a)(1) specifically allows for oral notice of appeal at trial following the trial court's oral rendering of judgment in a criminal case. Oral notice of appeal after rendering of judgment is a method of appeal which is not available by rule or statute in a civil case. N.C.R. App. P. 4(a)(2) also mandates when written notice of appeal can be filed in a criminal case.

STATE v. OATES

[215 N.C. App. 491 (2011)]

The State: Yes, sir.

The Court: All right.

Defense Counsel: Thank you for hearing us. Your Honor.

The Court. All right.

Even though the trial court said that the State could "enter . . . notice of appeal[,]" the State did not enter oral notice of appeal at that time. *See* N.C.R. App. P. 4(a)(1). The State subsequently filed written notice of appeal on 22 December 2009. However, the trial court's 14 December 2009 oral ruling did not amount to "entry of the . . . order[,]" *see* N.C.R. App. P. 4(a)(2), as the order had not been "reduced to writing, signed by the trial court, and filed with the clerk of court." *See Gary*, 132 N.C. App. at 42, 510 S.E.2d at 388. It was not until 22 March 2010 that the trial court entered the order by filing its written order containing its findings of fact and conclusions of law. The record does not contain any written notice of appeal by the State filed "within fourteen days after entry of the . . . order" on 22 March 2010. *See* N.C.R. App. P. 4(a)(2). Accordingly, we must dismiss the State's appeal because it did not give proper notice of appeal and "this Court is without jurisdiction to hear the appeal." *State v. McCoy*, 171 N.C. App. 636, 638, 615 S.E.2d 319, 321, *appeal dismissed*, 360 N.C. 73, 622 S.E.2d 626 (2005). We also note that the State makes no request that we treat its brief as a petition for writ of certiorari. *See* N.C.R. App. P. 21(a) (providing that the writ of certiorari may be issued "in appropriate circumstances" to permit appellate review "when the right to prosecute an appeal has been lost by failure to take timely action"). Accordingly, we dismiss the State's appeal.

DISMISSED.

Judges BRYANT and BEASLEY concur.