**STATE v. OATES**

[366 N.C. 13 (2012)]

STATE OF NORTH CAROLINA v. ANDREW JACKSON OATES

No. 397PA11

(Filed 5 October 2012)

**Appeal and Error—notice of appeal—criminal case—window of appeal—date of rendition of order or judgment—fourteen days after entry of order or judgment**

The Court of Appeals erred by dismissing the State's appeal from the trial court's order granting defendant's motion to suppress. The State's notice of appeal, filed seven days after the trial judge in open court orally granted defendant's pretrial motion to suppress but three months before the trial judge issued his corresponding written order of suppression, was timely. Under Rule 4 of the North Carolina Rules of Appellate Procedure and N.C.G.S. § 15A-1448, the window for the filing of a written notice of appeal in a criminal case opens on the date of rendition of the judgment or order and closes fourteen days after entry of the judgment or order.

On discretionary review pursuant to N.C.G.S. § 7A 31 of a unanimous decision of the Court of Appeals, 215 N.C. App. ——, 715 S.E.2d 616 (2011), dismissing the State's appeal from an order filed on 22 March 2010 by Judge Russell J. Lanier, Jr. in Superior Court, Sampson County. Heard in the Supreme Court on 7 May 2012.

*Roy Cooper, Attorney General, by Robert C. Montgomery, Special Deputy Attorney General, for the State-appellant.*

*Anne Bleyman for defendant-appellee.*

EDMUNDS, Justice.

The Court of Appeals concluded that the State's notice of appeal, filed seven days after the trial judge in open court orally granted defendant's pretrial motion to suppress but three months before the trial judge issued his corresponding written order of suppression, was untimely. We hold that, under Rule 4 of the North Carolina Rules of Appellate Procedure and N.C.G.S. § 15A-1448, the window for the filing of a written notice of appeal in a criminal case opens on the date of *rendition* of the judgment or order and closes fourteen days after *entry* of the judgment or order. Here, the State's appeal, filed within this window, was timely. We vacate the Court of Appeals' dismissal of the State's appeal and remand this case to that court to address the substantive issues raised by the parties.

The underlying facts are not germane to the narrow procedural issue before us and can be related summarily. On 7 September 2007, officers of the Clinton Police Department executed a search warrant at defendant's residence after receiving two anonymous telephone calls alleging that defendant's stepson was keeping illegal drugs and firearms there. Although officers found neither the drugs nor the firearms described in the search warrant, they seized two firearms and ammunition that belonged to defendant. Defendant was indicted on 25 February 2008 for possession of a firearm by a convicted felon, in violation of N.C.G.S. § 14-415.1.

On 19 November 2009, defendant filed a pretrial motion to suppress the evidence seized pursuant to the search warrant, arguing both that the seizure was without probable cause and that the application submitted in support of the search warrant was flawed. At the conclusion of defendant's pretrial suppression hearing on 15 December 2009, the trial judge allowed the motion to suppress, stating, "I'm uncomfortable with [the basis for the search warrant]. I would have never signed it, not under the circumstances. I'd have had to have more. I'm going to enter the order suppressing." The trial court then told the prosecutor: "You can enter you[r] notice of appeal. And you and [defense counsel] can have fun in Raleigh." The prosecutor responded, "Yes, sir," but did not give oral notice of appeal.

The State later filed a written notice of appeal dated 22 December 2009 and certified the notice to the Court of Appeals on the same day. On 18 March 2010, approximately three months later, the trial judge signed a written order *nunc pro tunc* to his 15 December 2009 oral order granting defendant's motion to suppress. The written order was filed with the clerk of court on 22 March 2010. The State did not file an additional notice of appeal following the issuance of the written order. *State v. Oates*, ⸺ N.C. App. ⸺, ⸺, 715 S.E.2d 616, 618 (2011).

In an opinion filed on 6 September 2011, the Court of Appeals sua sponte dismissed the State's appeal. In reaching that result, the court analyzed Appellate Rule 4, which addresses procedures for appealing criminal cases. Rule 4(a) states that

[a]ny party entitled by law to appeal from a judgment or order of a superior or district court *rendered* in a criminal action may take appeal by

(1) giving oral notice of appeal at trial, or

(2) filing notice of appeal with the clerk of superior court and serving copies thereof upon all adverse parties within fourteen days after entry of the judgment or order . . . .

N.C. R. App. P. 4(a) (emphases added).

The Court of Appeals found that the trial judge's order was entered when the trial judge filed the order with the clerk of court. *Oates* ,—— N.C. App. at ——, 715 S.E.2d at 618. Because the State neither gave oral notice of appeal in open court at the conclusion of the hearing nor filed written notice within the fourteen days following the filing of the trial court's order with the clerk of court, the Court of Appeals concluded that the State's notice of appeal was untimely. *Id.* at ——, 715 S.E.2d at 618. As a result, the Court of Appeals held that it had no jurisdiction over the case. *Id.* at ——, 715 S.E.2d at 618. We allowed the State's petition for discretionary review.

Compliance with the requirements for entry of notice of appeal is jurisdictional. *Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co.*, 362 N.C. 191, 197-98, 657 S.E.2d 361, 365 (2008). We review issues relating to subject matter jurisdiction de novo. *See, e.g., Harris v. Matthews*, 361 N.C. 265, 271, 643 S.E.2d 566, 570 (2007).

Rule 4 treats orders and judgments in criminal cases identically. *Rendering* a judgment or an order "means to 'pronounce, state, declare, or announce' [the] judgment" or order, *Kirby Bldg. Sys., Inc. v. McNiel*, 327 N.C. 234, 239-40, 393 S.E.2d 827, 830 (1990) (quoting *Black's Law Dictionary* 1165 (5th ed. 1979)), and "is the judicial act of the court in pronouncing the sentence of the law upon the facts in controversy," *Seip v. Wright*, 173 N.C. 55, 58, 173 N.C. 14, 17, 91 S.E. 359, 361 (1917) (citation and quotation marks omitted). *Entering* a judgment or an order is "a ministerial act which consists in spreading it upon the record." *Id.* (citation and quotation marks omitted); *see also Stachlowski v. Stach*, 328 N.C. 276, 278-79, 401 S.E.2d 638, 640 (1991) (citing *Kirby Bldg. Sys.*, 327 N.C. at 239-40, 393 S.E.2d at 830). For the purposes of entering notice of appeal in a criminal case under Rule 4(a), a judgment or an order is rendered when the judge decides the issue before him or her and advises the necessary individuals of the decision; a judgment or an order is entered under that Rule when the clerk of court records or files the judge's decision regarding the judgment or order.

In considering the pertinent language of Rule 4, the Court of Appeals accurately noted that in *State v. Boone,* this Court defined "entry of judgment" in a criminal case by reference to Rule 58 of the North Carolina Rules of Civil Procedure, which addresses entry of judgment in a civil case. *Oates,* —— N.C. App. at ——, 715 S.E.2d at 617 (citing *State v. Boone,* 310 N.C. 284, 290, 311 S.E.2d 552, 556 (1984)). The Court of Appeals then applied the *Boone* analysis to the instant order. Id. at ——, 715 S.E.2d at 617. However, while *Boone* has never been overruled, it has been overtaken by events. For instance, when Boone was decided, the procedures for taking either a civil or a criminal appeal were virtually identical, *see* N.C. R. App. P. 3, 4 (1988), while as a result of subsequent amendments, oral notices of appeal are now allowed in criminal cases only, *see id.* at R. 3, 4 (2012). Moreover, not only does Rule 58 apply exclusively to judgments, that Rule has been amended substantially since *Boone* was decided and now requires that all civil judgments be in writing. *Compare* N.C.G.S. § 1A-1, Rule 58 (2011), *with id.* Rule 58 (1983). No such requirement is found in N.C.G.S § 15A-977(f), which applies to orders on motions to suppress. As a result, our analysis in *Boone* relating to "entry of judgment" in a criminal case has been superseded and the Court of Appeals' statement that "[e]ntry of an order [in the criminal context]' occurs when it is reduced to writing" is incorrect. *Oates,* —— N.C. App. at ——, 715 S.E.2d at 617 (first alteration in original) (quoting *State v. Gary,* 132 N.C. App. 40, 42, 510 S.E.2d 387, 388, *cert. denied,* 350 N.C. 312, 535 S.E.2d 35 (1999)) (internal quotation marks omitted).

Consequently, the Court of Appeals misinterpreted Rule 4 to find that the Rule provides two separate windows during which a party may appeal a criminal case. *See id.* at ——, 715 S.E.2d at 618. Under the Court of Appeals' analysis, the first window opened when the trial judge rendered his decision at the conclusion of the suppression hearing, giving the State the opportunity to give immediate oral notice of appeal in open court, and closed when the hearing ended. *See id.* at ——, 715 S.E.2d at 618 (interpreting N.C. R. App. P. 4(a)(1)). The second window opened when the trial judge entered his order by filing it with the clerk of court, beginning the time during which the State could file written notice of appeal, and closed fourteen days later. *See id.* at ——, 715 S.E.2d at 618 (interpreting N.C. R. App. P. 4(a)(2)). The Court of Appeals determined that, because neither window was open when the State filed its notice of appeal, the notice was improper.

STATE v. OATES

[366 N.C. 13 (2012)]

We believe this interpretation of Rule 4 would discourage thoughtful litigation and could lead to absurd results. For example, a judge ruling on a suppression motion that is not determined summarily is required to "set forth in the record his findings of facts and conclusions of law." N.C.G.S. § 15A-977(f) (2011). While a written determination is the best practice, nevertheless the statute does not require that these findings and conclusions be in writing. *See State v. Horner*, 310 N.C. 274, 279, 311 S.E.2d 281, 285 (1984). As a result, under the holding of the Court of Appeals, a party considering whether to appeal an adverse result would either be required to enter oral notice of appeal at once even if uncertain of the basis of the judge's decision or the merits of the appeal, or, after considering the wisdom of an appeal and deciding to proceed, be forced to monitor the clerk's office for an indeterminate period of time while waiting for an order (that may or may not be in writing) to be entered on the record. We cannot adopt such a technical reading of Rule 4(a) that not only would encourage unnecessary oral notices of appeal but also would jeopardize the right of appeal of a party who might not receive notice of the entry of a judgment or order.

Instead, we believe Rule 4 authorizes two modes of appeal for criminal cases. The Rule permits oral notice of appeal, but only if given at the time of trial or, as here, of the pretrial hearing. N.C. R. App. P. 4(a)(1). Otherwise, notice of appeal must be in writing and filed with the clerk of court. *Id.* R. 4(a)(2). Such written notice may be filed at any time between the date of the rendition of the judgment or order and the fourteenth day after entry of the judgment or order. *Id.* Here, the suppression order was rendered on 15 December 2009 when the trial judge stated, "I'm going to enter the order suppressing," thereby deciding the issue before him. The order was entered on 22 March 2010 when the clerk of superior court in Sampson County filed the judge's written order in the records of the court. As a result, the span within which the State could have filed its written notice of appeal extended from 15 December 2009 until 5 April 2010. The State's 22 December 2009 appeal was timely.

VACATED AND REMANDED.