An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the *North Carolina Rules of Appellate Procedure*.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-410

Filed 17 September 2025

Rutherford County, Nos. 22CRS050742, 22CRS000746

STATE OF NORTH CAROLINA

v.

WALTER ASHLEY LITTLEJOHN, Defendant.

Appeal by Defendant from judgment entered 3 February 2023 by Judge J. Thomas Davis in Rutherford County Superior Court. Heard in the Court of Appeals 15 January 2025.

*Attorney General Jeff Jackson, by Assistant Attorney General Megan Shook, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender David S. Hallen, for defendant-appellant.*

STADING, Judge.

Walter Ashley Littlejohn ("Defendant") appeals from final judgment entered upon jury verdicts finding him guilty of felonious restraint and attaining habitual felon status; he also pleaded guilty to assault inflicting physical injury on a detention facility employee. Defendant maintains the indictment was defective, necessitating vacatur of his felonious restraint conviction, and contends the trial court erred in

instructing the jury on felonious restraint. Defendant also asserts that even if the trial court did not err in its instruction, his trial attorney rendered ineffective assistance of counsel ("IAC"). Since Defendant's appeal was untimely, he petitioned our Court for certiorari. For the reasons below, we deny Defendant's petition for writ of certiorari ("PWC").

## I.  Background

On 3 April 2022, Defendant was walking alone when a silver Jeep Renegade pulled up alongside him. The Jeep was driven by Kenyon McEntire, with Jennifer Gibson in the front passenger seat, and Stevon Wilkerson in the back seat. Defendant and Ms. Gibson had ended their relationship a few weeks earlier. Defendant entered the Jeep and sat in the back seat. Defendant told Ms. Gibson to sit in the back seat with him. Ms. Gibson complied because Defendant was acting "irate," and she was "[t]rying to keep the situation calm." The group rode to Ms. Gibson's mother's house. Upon arrival, Mr. Wilkerson stepped out, and Defendant held Ms. Gibson and yelled for Mr. McEntire to drive. Ms. Gibson stated she wanted to leave, but Defendant prevented her from leaving the Jeep.

Mr. McEntire then drove away from the house with Defendant and Ms. Gibson still in the back seat. During the drive, Defendant reportedly tried to open a "samurai sword," but was unable to do so in the confined space. When they reached a Super 8 Motel, Defendant got out, apologized for "what had happened in the past," and attempted to convince Ms. Gibson to accompany him inside the motel. Ms. Gibson

declined Defendant's request. Mr. McEntire then drove everyone to his mother's house, where they were met by law enforcement. Defendant initially stood between Ms. Gibson and a law enforcement officer, stating "she's not talking to you." Defendant eventually moved aside when threatened with arrest for his obstruction of an investigation. After speaking with Ms. Gibson, law enforcement officers arrested Defendant.

On 19 September 2022, the Rutherford County Grand Jury indicted Defendant for second-degree kidnapping and attaining the status of habitual felon. The matter proceeded to trial on 2 February 2023. The jury found Defendant guilty of felonious restraint, as a lesser included offense of kidnapping, and determined he had attained habitual felon status. Before sentencing, Defendant pleaded guilty to assault inflicting physical injury on a detention facility employee. On 3 February 2023, the trial court imposed a sentence of 96 to 128 months in the Department of Adult Correction for the felonious restraint conviction, and a concurrent term of 38 to 58 months for his guilty plea to assault inflicting physical injury on a detention facility employee.

On 20 February 2023, Defendant sent a handwritten letter to the Rutherford County Clerk of Superior Court requesting his trial transcript. The letter also stated that Defendant was "filing on [his] own behalf a[n] . . . MAR[.]" On 2 March 2023, the trial court entered appellate entries recognizing Defendant's indigent status and appointed the Appellate Defender's Office to represent him. Defendant submitted an

additional letter on 26 March 2023, again requesting his trial transcripts. The letter also stated he wanted "to be updated on what's going on with [his] appeal." On 13 June 2024, Defendant petitioned this Court for certiorari. The State subsequently moved to dismiss Defendant's appeal and responded to the PWC.

## II.     Jurisdiction

We must address whether this Court has jurisdiction to entertain Defendant's appeal in light of his PWC and the State's motion to dismiss. The State argues that Defendant failed to satisfy the jurisdictional requirements necessary to confer appellate review under North Carolina law, emphasizing that he never entered a valid notice of appeal. In particular, the State notes that Defendant's handwritten letter to the Clerk of Superior Court failed to satisfy Rule 4 because it was untimely, was never served on the State, and did not identify the court to which he was appealing. *See* N.C. R. App. P. 4. After careful consideration, we deny Defendant's PWC and dismiss his appeal. *See Cryan v. Nat'l Council of YMCA of the United States*, 384 N.C. 569, 573, 887 S.E.2d 848, 851 (2023).

It is well settled that "[c]ompliance with the requirements for entry of notice of appeal is jurisdictional." *State v. Oates*, 366 N.C. 264, 266, 732 S.E.2d 571, 573 (2012). "Rule 4 authorizes two modes of appeal for criminal cases." *Id.* at 268, 732 S.E.2d at 574. A criminal defendant "may take appeal by . . . giving oral notice of appeal at trial, or [by] filing notice of appeal with the clerk of superior court and serving copies thereof upon all adverse parties within fourteen days after entry of judgment." N.C.

R. App. P. 4(a)(1)–(2). "[T]he window for the filing of a written notice of appeal in a criminal case opens on the date of *rendition* of the judgment or order and closes fourteen days after *entry* of the judgment or order." *Oates*, 366 N.C. at 264, 732 S.E.2d at 572.

Still, this Court has the discretionary authority to issue a writ of certiorari "when the right to prosecute an appeal has been lost by failure to take timely action," such as where a criminal defendant's notice of appeal fails to comply with Rule 4. N.C. R. App. P. 21(a)(1); N.C. Gen. Stat. § 7A-32(c) (2023) ("The Court of Appeals has jurisdiction . . . to issue the prerogative writs, including . . . certiorari[.]").

"The writ of certiorari is one of the 'prerogative' writs that the Court of Appeals may issue in aid of its own jurisdiction." *Cryan*, 384 N.C. at 572, 887 S.E.2d at 851 (citation omitted). "Our precedent establishes a two-factor test to assess whether certiorari review by an appellate court is appropriate. First, a writ of certiorari should issue only if the petitioner can show 'merit or that error was probably committed below.'" *Id.* (citation omitted). And "[s]econd, a writ of certiorari should issue only if there are 'extraordinary circumstances' to justify it." *Id.* (citation omitted). "There is no fixed list of 'extraordinary circumstances' that warrant certiorari review, but this factor generally requires a showing of substantial harm, considerable waste of judicial resources, or 'wide-reaching issues of justice and liberty at stake.'" *Id.* at 573, 887 S.E.2d at 851. "Ultimately, the decision to issue a writ of

certiorari rests in the sound discretion of the presiding court." *Id.* (citing *Ricks*, 378 N.C. at 740, 862 S.E.2d at 838).

Here, Defendant's notice of appeal failed to comply with Rule 4 since it was filed more than fourteen days after "*entry* of the judgment[.]" *Oates*, 366 N.C. at 264, 732 S.E.2d at 572. It also failed to specify the court to which the appeal was taken and was never served on the opposing party. *See* N.C. R. App. P. 4(b), (c). In his petition, Defendant argues that his intent to appeal is demonstrated by the letter he submitted to the trial court, notwithstanding his Rule 4 violations. *Cf. State v. Springle*, 244 N.C. App. 760, 763, 781 S.E.2d 760, 765 (2016) (citation omitted) (ellipses in original) ("[A] defect in a notice of appeal should not result in loss of the appeal as long as the intent to appeal . . . can be fairly inferred from the notice and the appellee is not misled by the mistake."); *cf. State v. High*, 230 N.C. App. 330, 333, 750 S.E.2d 9, 12 (2013) (granting certiorari where the defendant's pro se notice of appeal was timely, but lacked proper notice and court designation). Though, to entertain Defendant's appeal, he must satisfy the *Cryan* two-part test illustrated above. 384 N.C. at 572, 887 S.E.2d at 851.

Our review of Defendant's PWC leaves us little choice but to deny the petition. Defendant neither cited the appropriate standard of review nor made arguments in support thereof. *See id.* at 570, 887 S.E.2d at 849 ("When contemplating whether to issue a writ of certiorari, our state's appellate courts must consider a two-factor test. That test examines (1) the likelihood that the case has merit or that error was

committed below and (2) whether there are extraordinary circumstances that justify issuing the writ."). In our discretion, we deny appellate review and dismiss Defendant's appeal.

### III. Conclusion

For the preceding reasons, we deny Defendant's PWC and dismiss his appeal without prejudice as to Defendant's statutory right to raise his IAC claim in a motion for appropriate relief with the trial court. *See* N.C. Gen. Stat. § 15A-1415(b)(3) (2023); *see also State v. Hahn*, ___ N.C. App. ___, 916 S.E.2d 76 (2025) (unpublished).


DISMISSED.

Judge ARROWOOD concurs.

Judge COLLINS concurs in result only.

Report per Rule 30(e).