An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the *North Carolina Rules of Appellate Procedure*.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-342

Filed 19 November 2025

Burke County, No. 23CR224488-110

STATE OF NORTH CAROLINA

v.

LARRY EUGENE EPLEY, Defendant.

Appeal by Defendant from judgment entered 19 August 2024 by Judge George Cooper Bell in Burke County Superior Court. Heard in the Court of Appeals 24 September 2025.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Mary W. Scruggs, for the State.*

> *Drew Nelson, for the defendant-appellant.*

STADING, Judge.

Larry Eugene Epley ("Defendant") appeals from final judgment entered upon a jury's verdict convicting him of two counts of statutory rape of a child by an adult and two counts of statutory sex offense with a child by an adult. Defendant has filed a petition for writ of certiorari ("PWC"). After careful review and in our discretion, we deny Defendant's PWC and dismiss his appeal.

## I.    Background

On 13 February 2023 the Burke County grand jury indicted Defendant for statutory rape of a child by an adult.  Then on 13 May 2024, the Burke County grand jury returned a superseding indictment which charged Defendant on two counts of statutory rape of a child by an adult and two counts of statutory sex offense with a child by an adult.  On 19 August 2024, at the conclusion of trial, the jury convicted Defendant of two counts of statutory rape of a child by an adult and two counts of statutory sex offense with a child by an adult.

In response to the jury's verdict, the trial court consolidated one of the statutory rape counts and one of the statutory sex offenses.  The trial court then entered two consecutive sentences of 300–420 months.  Following sentencing, Defendant entered an oral notice of appeal.  Defendant's oral notice of appeal was untimely, however, since the trial court had not entered the Judicial Findings and Order for Sex Offenders which required additional sentencing pursuant to N.C. Gen. Stat. § 14-208.40A (2023).  Thereafter, the trial court went back on the record to enter the requisite findings.  A second judgment was entered which contained the required findings and consolidated the remaining rape and sex-offense counts and issued a sentence of 300–420 months set to begin at the expiration of the first sentence.  After rendition of the judgment, Defendant did not enter notice of appeal, written or oral.

## II.    Jurisdiction

Since Defendant failed to properly enter his oral notice of appeal, we lack

jurisdiction. *See State v. Webber*, 190 N.C. App. 649, 651, 660 S.E.2d 621, 622 (2008) (cleaned up) ("When a defendant has not properly given notice of appeal, this Court is without jurisdiction to hear the appeal. Unless jurisdictional prerequisites are met, the appeal must be dismissed."). Defendant petitions our Court for certiorari. For the reasons below, we decline to grant Defendant's PWC and dismiss his appeal.

"Compliance with the requirements for entry of notice of appeal is jurisdictional." *State v. Oates*, 366 N.C. 264, 266, 732 S.E.2d 571, 573 (2012). "Rule 4 authorizes two modes of appeal for criminal cases." *Id.* at 268, 732 S.E.2d at 574. A criminal defendant "may take appeal by . . . giving oral notice of appeal at trial, or [by] filing notice of appeal with the clerk of superior court and serving copies thereof upon all adverse parties within fourteen days after entry of judgment." N.C. R. App. P. 4(a)(1)–(2). "[T]he window for the filing of a written notice of appeal in a criminal case opens on the date of *rendition* of the judgment or order and closes fourteen days after *entry* of the judgment or order." *Oates*, 366 N.C. at 264, 732 S.E.2d at 572.

Despite the requirements of Rule 4, our Court retains discretionary authority to grant certiorari "when the right to prosecute an appeal has been lost by failure to take timely action." N.C. R. App. P. 21(a)(1); N.C. Gen. Stat. § 7A-32(c) (2023) ("The Court of Appeals has jurisdiction . . . to issue the prerogative writs, including . . . certiorari[.]"). "The writ of certiorari is one of the 'prerogative' writs that the Court of Appeals may issue in aid of its own jurisdiction." *Cryan*, 384 N.C. at 572, 887 S.E.2d at 851 (citation omitted). "Our precedent establishes a two-factor test to

assess whether certiorari review by an appellate court is appropriate. First, a writ of certiorari should issue only if the petitioner can show 'merit or that error was probably committed below.'" *Id.* (citation omitted). "Second, a writ of certiorari should issue only if there are 'extraordinary circumstances' to justify it." *Id.* (citation omitted). "There is no fixed list of 'extraordinary circumstances' that warrant certiorari review, but this factor generally requires a showing of substantial harm, considerable waste of judicial resources, or 'wide-reaching issues of justice and liberty at stake.'" *Id.* at 573, 887 S.E.2d at 851. "Ultimately, the decision to issue a writ of certiorari rests in the sound discretion of the presiding court." *Id.* (citing *Ricks*, 378 N.C. at 740, 862 S.E.2d at 838).

Here, Defendant entered oral notice of appeal after the entry of the jury's verdicts but before entry of the final judgment and conclusion of sentencing. Defendant opines this premature entry amounts to "a good-faith effort to give timely notice of appeal by entering notice of appeal immediately after the criminal judgments were entered." Yet, to entertain Defendant's appeal, we are bound to apply the two-part *Cryan* test illustrated above. 384 N.C. at 572, 887 S.E.2d at 851. Absent from Defendant's PWC are arguments demonstrating "merit or that error was probably committed below" and "extraordinary circumstances" to justify the granting of his PWC. *Id.* at 572, 887 S.E.2d at 851 (cleaned up). In the exercise of our discretion, we deny Defendant's PWC and dismiss his untimely appeal. *See id.* at 570, 887 S.E.2d at 849 ("When contemplating whether to issue a writ of certiorari,

our state's appellate courts must consider a two-factor test. That test examines (1) the likelihood that the case has merit or that error was committed below and (2) whether there are extraordinary circumstances that justify issuing the writ.").

## III.   Conclusion

For the reasons above, we deny Defendant's PWC and dismiss his appeal.

DISMISSED.

Judges TYSON and CARPENTER concur.

Report per Rule 30(e).